JOHN J. MILLIGAN vs. RICHARD H. PLEASANTS, Trustee. SOPHIA C. MILLIGAN vs. RICHARD H. PLEASANTS, Trustee.

*Reformation of Written instrument—Mistake—Construction of Declaration of Trust.*

If a mistake has been made in a written instrument, a Court of equity has ample power to correct it, provided such mistake is shown by the clearest and most satisfactory evidence, and the real intention is established in the same manner.

But where the opinion of witnesses, that a declaration of trust does not fully express the wishes of the declarant, is not sufficiently satisfactory to establish that fact, a Court of equity will not interfere to reform the declaration of trust.

By the terms of a declaration of trust, P. the trustee, was required to keep the trust funds invested in interest bearing securities, and accumulate the income on the same until J. M. should attain the age of twenty-two years, or at his option apply the income to "the maintenance and education of said J. M. for such portion of said period as may be deemed best," and when the said J. M. attained the age of twenty-two years, the trustee was directed to apply the trust fund "to the purchase of a suitable farm, and the necessary implements, stock, and furniture for the same, and cause the farm to be conveyed to said P. his heirs, assigns, and successors, in trust to suffer and permit the said J. M. to use and occupy the same, and take the profits to his own use, or to collect and receive the rents and profits of the same to his own use, for the term of his natural life, * * * * * and further in trust that the said P. or his successor, shall deliver the said implements, stock, and furniture to the said J. M. and the same shall then become his own property, free from any trust or limitations. * * * * * And also that the said P. or his successor or successors, at his or their discretion, may, at any time, make sale of said farm and convey the same to the purchaser thereof. * * * * * and invest the proceeds of sales in any other real estate or real estate securities to be held upon the trusts hereinbefore stated with respect to the said farm, and with like power

Milligan *vs.* Pleasants, Trustee.

to make further changes in the investments from time to time thereafter." J. M. after attaining the age of twenty-two years, having declared his determination neither to live upon a farm nor to engage in the occupation of farming, it was HELD:

1st. That the trustee should not be required to invest the trust funds in the purchase of a farm; but might be authorized by a Court of equity in his discretion. to invest the same in other real estate securities.

2nd. That the said J. M. was only entitled to the income of the trust funds, from the time when he attained the age of twenty-two years.

3rd. That in the absence of the purchase of a farm, the said J. M. was not entitled to have paid to him out of the trust funds a sum equivalent to the cash value of implements, stock, and furniture necessary for a farm.

APPEALS from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The declaration of trust referred to in the opinion of the Court is as follows:

"Whereas, the said Richard H. Pleasants hath this day received from J. Dickinson Logan, M. D., of Baltimore City, five bonds of one thousand dollars each, of the Gas Light Company of Baltimore, upon certain trusts to be executed by him, and he is desirous to execute a declaration of trust to the end that the same may the more certainly and permanently appear, now, in consideration of the premises, the said Richard H. Pleasants doth hereby declare that he hath received said bonds in order to hold the same upon the trusts hereinafter stated, and he covenants with the said Logan and his personal representatives, that he will hold the same upon the trusts hereinafter stated, that is to say, in trust and confidence that he, the said Pleasants, his personal representatives and successors in the trust will

keep the funds invested without responsibility for mistakes or errors of judgment in some interest bearing securities, with full liberty to change securities from time to time, without any obligation on the purchaser to see to the application of the purchase money, and will accumulate the income on the same until John Milligan, the son of George B. Milligan, of Baltimore County, shall attain to the age of twenty-two years, or at the option of the said Pleasants, or his successors, will apply the income to the maintenance and education of said John Milligan, for such portion of said period as may be deemed best. And in further trust, that when the said John Milligan shall attain to the age of twenty-two years, the said Pleasants, or his successors, shall apply the trust fund to the purchase of a suitable farm, and the necessary implements, stock and furniture for the same, and cause the said farm to be conveyed to said Pleasants, his heirs and assigns and successors, in trust to suffer and permit the said John Milligan to use and occupy the same and take the profits to his own use, or to collect and receive the rents and profits of the same to his own use for the term of his natural life, upon paying meanwhile all taxes and public dues upon the same, and from and after the death of the said John Milligan, to hold the same to the use of the children and descendants of said John Milligan *per stirpes* in fee simple ; subject, however, to an estate and interest therein in favor of his widow, if he shall leave any, precisely the same as she would have taken as her dower if said John Milligan had been seized in fee of said farm. And if the said John Milligan shall die without issue living at his death, then for the use of his sister, Sophia Milligan, her heirs and assigns, subject to an estate as above mentioned in his widow, if there be any, equivalent to dower.

"And further in trust that the said Pleasants, or his successor, shall deliver the said implements, stock and

furniture to the said John Milligan, and the same shall then become his own property free from any trusts or limitations. And it is understood that if said Pleasants shall deem best to purchase the said farm at any time prior to the period before mentioned, reserving an amount of the trust fund sufficient to purchase implements, stock and furniture at his discretion, he shall be at liberty to purchase such farm before the lapse of said time. And also that the said Pleasants, or his successor or successors, at his or their discretion, may, at any time, make sale of said farm and convey the same to the purchaser thereof, without any obligation on the purchaser as to the application of the purchase money, and invest the proceeds of sales in any other real estate or real estate securities to be held upon the trusts hereinbefore stated with respect to the said farm, and with like power to make further changes in the investments from time to time thereafter."

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*J. Hemsley Johnson,* for the appellant, John J. Milligan.

*Richard H. Pleasants, Jr.,* for the appellant, Sophia C. Milligan.

No appearance for the appellee.

FOWLER, J., delivered the opinion of the Court.

The two appeals in this record may be considered together. This is an amicable proceeding, instituted for the purpose of correcting certain alleged mistakes in a declaration of trust executed by Richard H. Pleasants, the appellee in both appeals, and for general relief.

It appears that the late Dr. J. Dickinson Logan, on or about the 17th of September, 1879, delivered to the appellee five bonds of one thousand dollars each, of the Gas Light Company of Baltimore, for the purpose of providing a fund to be used for the maintenance and support of John J. Milligan, and his wife, should he marry, and with remainder to his children, if any, and in default thereof, to his sister, Sophia C. Milligan.

The bill alleges that, in consequence of a mistake in drawing the said declaration of trust, it fails to express correctly the intentions of Dr. Logan. And the allegation is that the said Logan, having full confidence in the appellee and in his friendship for the said John J. Milligan and his sister, desired to give the appellee full power to make such investment of said fund as would be most beneficial to said Milligan, and at the same time profitable and safe; but that the said declaration, in consequence of said mistake, has been so drawn as to make it doubtful whether the said Pleasants is not required to invest the said fund in a farm, although the said Milligan is firmly determined neither to live upon a farm nor to engage in the occupation of farming.

It is also alleged that such an investment would be prejudicial to the preservation and increase of the fund, and would involve the appellee in a useless and cumbersome circuity of action, because, having a due regard for the welfare of said Milligan, he would be compelled, immediately after purchasing a farm, to exercise the unqualified power of sale and re-investment given him by the declaration of trust, that he might get rid of said farm.

A *pro forma* order was passed by the Court below vacating the declaration of trust, in so far as it directs the trust fund to be invested in a farm, and requiring the appellee to execute a new declaration of trust containing a power to invest in real estate, or real estate

securities, in his discretion, and in all other particulars conforming to the terms of the original declaration.

The appellee was also ordered to pay over to the said Milligan absolutely, all the income of the trust fund which has accrued since the 23rd September, 1883, when said Milligan reached the age of twenty-two years, and to invest the balance of the fund in his hands in real estate or real estate securities, for the purposes of the trust.

John J. Milligan and his sister have both appealed from this order.

It requires no authority to show that if a mistake has been made in a written instrument, a Court of equity has ample power to correct it, provided such mistake is shown by the clearest and most satisfactory evidence, and the real intention is established in the same manner.

But while the evidence here shows it is the *opinion* and *belief* of the witnesses that the written instrument before us does not fully express the wishes of Dr. Logan, it is far from being of that satisfactory character required to secure the aid of a Court of equity in a case like this. In the case of *Philpott vs. Elliott*, 4 *Md. Chan. Dec.*, 275, Chancellor JOHNSON says, "It is not only necessary that strong evidence be produced that a mistake was committed, and that the agreement signed by the parties does not conform to their intentions, but the stipulation proposed to be introduced, or the correction proposed to be made, must be established by equally conclusive proof. Before the agreement will be reformed, and executed as reformed, the Court must be perfectly satisfied what the real intention of the parties was, or otherwise it will not interfere."

But it does not follow that the appellants are without remedy. If the appellee, as trustee, had in fact purchased a farm, which it appears from the evidence he did not do,—it is very clear, from the language of the

declaration of trust, that he had ample power to sell the farm, and to invest in real estate securities at any time. It would be useless, therefore, to require the appellee to go through the empty form, and incur the unnecessary expense and risk of purchasing a farm in order to sell it;—the whole object of this proceeding being to obtain authority to invest in real estate securities. There can be no doubt, therefore, we think, that without vacating or correcting the declaration of trust the Circuit Court has ample power, as a Court of equity, upon the bill filed, praying as it does for general relief, to authorize the appellee, as trustee, to do that directly which it is conceded he can do indirectly.

We find nothing in the declaration of trust which supports the contention that John J. Milligan is entitled to the whole income of the trust fund; on the contrary, we think it is clear he is entitled only to the income which has accrued since the 23rd September, 1883, when he reached the age of twenty-two. The trustee is authorized by the declaration to accumulate income until the period just mentioned, or in his discretion to apply it to the maintenance and education of Mr. Milligan for any portion of such period; and having, as is shown by the testimony, determined in his discretion to accumulate, the trustee cannot now be called on to pay the income to Mr. Milligan;—especially as the income so earned was only to be paid for maintenance, &c., prior to 1883. *Pole vs. Pietsch and Thiede,* 61 *Md.,* 572.

It is clear, however, and it is conceded, that the income which has accrued since 23rd September, 1883, should be paid to John J. Milligan.

It was also contended that the trustee should pay Mr. Milligan a sum of money equivalent to the cash value of implements, stock and furniture necessary for a farm. But, in the absence of the purchase of a farm, we find nothing to justify such a contention.

What we have said disposes of all the questions raised by both appeals, and it follows that the *pro forma* order of the Circuit Court must be reversed so far as it annuls and vacates the declaration of trust therein' mentioned, and directs the appellee Richard H. Pleasants to execute a new declaration of trust, and affirmed in all other respects.

> *Decree reversed in part, and*
> *affirmed in part, and*
> *cause remanded.*