# BISHOP TRUST COMPANY, LTD., *v.* OAHU SUGAR COMPANY, LTD.

RESERVED QUESTIONS FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED AUGUST 28, 1908.　　　　DECIDED SEPTEMBER 21, 1908.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

TRUSTS—*instructions by court.*

A court of equity will not ordinarily instruct a trustee not judicially appointed as to the details of the management of the trust, except to protect him from risk of future liability or in matters of special importance to the interests of the beneficiaries.

OPINION OF THE COURT BY BALLOU, J.

The plaintiff, trustee under a deed of trust to secure the bonds of the defendant corporation, brought this bill for instruc-

tions and the questions upon which the trustee desired instructions were reserved for the consideration of the supreme court. The bill alleges that there are moneys in the sinking fund provided for by the trust deed which the defendant has requested should be invested in the bonds of the corporation itself, but plaintiff, while admitting that the investment is advisable if authorized, has refused to comply with this request without the instruction of the court that it is authorized to make this investment. Defendant has also requested plaintiff to advertise for the purchase of bonds under another section of the trust deed and to pay for them out of the sinking fund, which request has met with the same conditional refusal. It is stated in the briefs and argument that the refusal of plaintiff was based upon the advice of its counsel that it was not authorized to comply with these requests, and the trustee does not allege any doubt, difficulty or embarrassment in the matter, which are the usual jurisdictional allegations, (22 Enc. P. & P. 69,) but merely its refusal to act except under instructions.

All the cases in which instructions will or will not be given do not appear to have been defined. *Clay v. Gurley*, 62 Ala. 14. The court should not require trustees to incur risk in the management or distribution of trust funds, but on the other hand it should not be placed in the position of general legal adviser as to every detail of management, particularly in respect to trusts confided by private contract to a trustee selected by the parties themselves. The following rule is frequently quoted, although it must be admitted that it was not necessary to the decision of the cases cited, in all of which the applications were premature:

"The principal requisites for a bill for instructions have often been said to be the possession of a fiduciary fund of which some disposition is necessarily to be made presently; conflicting claims, or the probability thereof; and the existence of no other means of determining rights or demands so as to protect a trus-

tee from the risks of future liability or controversy. *Putnam v. Collamore,* 109 Mass. 509; *Muldoon v. Muldoon,* 133 Mass. 111." *Bullard v. Attorney General,* 153 Mass. 249; *Stapylton v. Neeley,* 44 Fla. 212; 32 So. 868.

In the present case the trustee may avoid all risk of future liability by following the advice of its counsel and confining itself to investments plainly within the terms of the trust deed. It is urged, however, that an ultra conservative course is often detrimental to the interests of the trust estate, and that courts have frequently given instructions in cases, where, as here, the trustee had the option of avoiding responsibility by a course obviously safe. Instances of such cases are *Winthrop v. Attorney General,* 128 Mass. 258, in which trustees proposed to turn over the management of the trust to Harvard College, and were instructed that they could not; and *Wiswell v. First Congregational Church,* 14 Oh. St. 31, in which trustees proposed to divide church property between two separating congregations and were instructed that they could. In other cases cited, *Griggs v. Veghte,* 47 N. J. E. 179 and *Goddard v. Brown,* 12 R. I. 31, to which might be added *Carter v. Carter,* 14 Haw. 505, questions like those at bar were answered incidentally to instructions on other points plainly within the rule. *In Re Newark Savings Institution,* 28 N. J. E. 552, referred to in *Una v. Dodd,* 39 N. J. E. 173, the court went further than we think proper, in constituting itself receiver of an embarrassed bank under color of its jurisdiction over trusts, and assuming the responsibility of its management. In *Milligan v. Pleasants,* 74 Md. 8, 21 At. 695, the court authorized a departure from the letter of the trust to avoid a useless circumlocution. In *Lowe v. Convention, etc., Church,* 83 Md. 409, 35 At. 87, the court held that a trustee appointed by a court in place of the one selected by the testator did not have the discretion concerning investments confided to the latter, the converse of which would appear to be that the trustee to whom such dis-

cretion was originally given should not have that discretion unduly controlled by the court.

Upon consideration of all the cases it appears that where the element of protection to the trustee is lacking it should require a strong case to enable the trustee to call on the court for legal advice. It is not so much the inherent difficulty of the question as its importance to the interests of the beneficiaries and the existence of a bona fide doubt that justifies the application. A proposed diversion of the entire corpus, as in *Winthrop v. Attorney General,* 128 Mass. 258, and *Wiswell v. First Congregational Church,* 14 Oh. St. 31, might present grounds for relief, while a proposed investment in a certain security while others are unquestionably authorized and available might not.

In the present case the party mostly concerned in having the advice of the trustee's counsel overruled is Oahu Sugar Company, Ltd. It is argued that this defendant is in the position of a cestui que trust, but this is true only in a remote sense. The trustee was appointed for the protection of the bondholders, and the mortgagor, to whom the property is to be released after discharge of the mortgage debt, though interested in the administration of the trust, is not usually classed as a cestui que trust. The bondholders, who are the real beneficiaries, and usually the principal defendants in a case of this kind, do not appear to have been concerned in the controversy, and were not originally made parties. After the case was brought and questions reserved those known to plaintiff and residing within the jurisdiction were made defendants and entered a formal appearance. Their interests do not appear to be in jeopardy whichever course the trustee may pursue. The amount now in the sinking fund is $1884.01, and the allegation that large sums are ready to be paid in does not, of course, add anything to the right to present instructions. *Bullard v. Attorney General,* 153 Mass. 249. Bonds of other corporations and other trust investments are available if the bonds

of Oahu Sugar Company, Ltd., are not purchased. If the question involves the retirement of any of the bonds at an earlier date than contemplated by the trust deed it is not easy to say whether the disadvantage of having the bonds subject to an earlier call outweighs the advantage of increased security resulting from the diminution of the mortgage debt in times of prosperity. It is true that investments of the sinking fund must be made with the consent of the defendant, and it is apparently admitted that the defendant by withholding its consent to any other investment than its own bonds may force the trustee to hold the sinking fund in cash, but if this position is tenable, it is a mischief arising from the defendant's taking advantage of the terms of the trust deed, and the resulting loss of interest falls upon the defendant and not upon the bondholders.

Upon the whole, while a court of equity should always be ready to protect trustees from risk of future liability, and may in its discretion advise upon matters of special importance to the interests of the beneficiaries, we are unwilling to establish a precedent for application to the court in a case like the present. The reserved questions are accordingly returned unanswered.

*C. H. Olson* (*Holmes & Stanley* with him on the brief) for plaintiff.

*Henry E. Cooper* for defendant.