HAWAIIAN TRUST COMPANY, LIMITED, TRUSTEE UNDER THE WILL OF GEORGE GALBRAITH, *v.* THOMAS GALBRAITH, WILLIAM JAMES GAL-BRAITH, ALEXANDER GIBB GALBRAITH, A MINOR, KATHLEEN STEVENSON GALBRAITH, A MINOR, SAMUEL CONNOR, A MINOR, HUGH CONNOR, A MINOR, AND REBECCA CONNOR, A MINOR.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED FEBRUARY 27, 1914.          DECIDED MARCH 17, 1914.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

TRUSTS—*bill for instructions by trustee.*

The proper purpose of a bill for instructions is to secure for a trustee the directions of a court of equity to guide him in execut-ing the trust where there are conflicting interests and there is doubt as to the proper course to pursue in administering the trust or disposing of the fund, with the view to obviating future liability or controversy.

APPEAL AND ERROR—*bill for instructions—appeal by trustee.*

Where upon a bill for instructions brought by a trustee a decree was entered instructing and directing the trustee to pay to certain persons a portion of an annuity from and after a certain date in the past and it appeared that for a period after that date the trustee had paid the entire annuity to other persons from whom the trustee would have to recover the amount overpaid or make

it good; held, that the trustee had such an interest in the decree as would entitle it to appeal therefrom to the supreme court.

DESCENT AND DISTRIBUTION—*construction of statute—common law.*

Where a statute of descent purports to furnish a full and complete scheme for the distribution of intestate property the rules of descent of the common law are excluded.

SAME—*application of statute to given case.*

Under R. L. Sec. 2509, where the intestate is a woman who leaves neither issue nor husband nor parent, but does leave a brother, children of a deceased brother, and children of a deceased niece, the estate is to be divided between such collaterals, the children of the deceased niece taking the share which their mother would have taken had she been living.

OPINION OF THE COURT BY ROBERTSON, C.J.

By the will of the late George Galbraith Anne Jane Galbraith was given an annuity of $150 a year, the same being payable to her and her heirs. See 18 Haw. 52. She died unmarried at Belfast, Ireland, on or about the 3rd day of December 1908, leaving surviving her neither child, parent nor grandparent, but leaving as her next of kin surviving her a brother, six nephews, four nieces and three children of a deceased niece. In the case of *Aihonua* v. *Ahi,* 6 Haw. 410, it was held by Chief Justice Judd, that in this jurisdiction under the statute of descent as it stood at that time the word "children" did not include the grandchildren of a deceased brother or sister, but that upon the death of an intestate leaving only a niece and a grandnephew, the niece would inherit to the exclusion of the grandnephew. In the case of *Kahananui* v. *Maunakea,* 20 Haw. 114, it was held, the statute having in the meantime been amended, that the word "children" included grandchildren of a deceased brother or sister so that grandnephews and grandnieces of an intestate would share in the estate with the decedent's niece.

The Hawaiian Trust Company, Limited, trustee under the Galbraith will, filed in the court below a bill for instructions reciting the foregoing facts and averring that in reliance upon the statute as construed in the first case referred to and upon

the advice of counsel that it was a rule of property upon which the trustee could and should rely, it paid the annuity, after the death of Anne Jane Galbraith, one-half to the brother, and one-half to the surviving nephews and nieces to the exclusion of the children of the deceased niece; that one of the nephews, relying on the decision in *Aihonua* v. *Ahi,* had purchased the interests of certain of the other nephews and nieces, and now claims that any diminution of his interests so purchased or any recognition of the children of the deceased niece as entitled to share in the final distribution of the corpus of the estate should they survive to the period of distribution would be to deprive him of property without due process of law; that it is claimed on behalf of the children of the deceased niece that they are entitled to share in the annuity from the date of the death of said Anne Jane Galbraith, or from the date of the decision of the case of *Kahananui* v. *Maunakea,* or, in the alternative as to one-half of the annuity, that they are entitled to share in said one-half of the annuity from the date of the death of said Anne Jane Galbraith under the common law if the statute of descent does not govern; that these claims are disputed by the nieces and nephews; that the plaintiff is uncertain in respect to its duties as trustee under the will as to whether it should pay any portion of the annuity to the children of the deceased niece; and prayed to be instructed as to its duty in the premises. James Galbraith, brother of Anne Jane Galbraith, was not made a party to the proceeding, nor was George Galbraith, one of the nephews, nor were those who were alleged to have assigned their interests. Three nephews, a niece, and the three children of the deceased niece appeared and answered, guardians ad-litem having been appointed for those being minors.

The circuit judge held that the children of the deceased niece were entitled to take under the statute (R. L. Sec. 2509) the share which their mother would have taken had she lived, and a decree was entered instructing the trustee accordingly.

The only appeal taken and perfected from the decree is

that of the plaintiff. Counsel for the several respondents contend that the trustee has no right to prosecute the appeal because it has no interest in the subject-matter, or at least no such interest as will authorize it to represent one set of parties to the record in opposition to the other when neither is complaining of the decree made. Counsel for the trustee argue that the plaintiff is entitled to appeal from the decree for several reasons, one of them being that it has a pecuniary interest in the decision because it requires the trustee to make good to the children of the deceased niece their share of the annuity from the date of the death of Anne Jane though the trustee had, until the case of *Kahananui* v. *Maunakea* was decided, distributed the annuity to the other claimants.

The proper purpose of a bill for instructions is not to obtain the judgment of the court upon the legality of a payment made or other act done, but is to secure for a trustee the directions of a court of equity to guide him in executing the trust where there are conflicting interests and there is doubt as to the proper course to pursue in administering the trust or disposing of the fund, with the view to obviating future liability for pursuing a course that might turn out to be a mistaken one. See *Bishop Trust Co.* v. *Oahu Sugar Co.*, 19 Haw. 183; *Bullard* v. *Attorney General*, 153 Mass. 249; *Clay* v. *Gurley*, 62 Ala. 12, 21; *Griggs* v. *Vekhte*, 47 N. J. E. 179, 181.

In the case at bar the effect of the decree is not merely to direct the action of the trustee for the future but to pass upon what had already been done. This, however, seems to have been brought about by the parties themselves. The decree entered in the court below was submitted by counsel for the children of the deceased niece and was approved by counsel for the other respondents. No objection to its form was made by the trustee, and it was responsive to the prayer of the bill in which the trustee asked to be instructed "whether it shall pay a proportionate share of the annuity bequeathed to Anne Jane Galbraith, as aforesaid, to said" children of the deceased niece

"either from the date of the death of said Anne Jane Galbraith or from the date of the decision of the Supreme Court of Hawaii in the case of *Kahananui* v. *Maunakea.*" The decree "instructed, ordered and directed" the trustee to pay to the said children of the deceased niece, in equal shares, "one-twenty-second part or share of the annuity * * * from the date of the death of said Anne Jane Galbraith." The enforcement of the decree would oblige the trustee to make good to those children their portion of the annuity for the years 1908 to 1910 which had been divided among the other claimants. We think that because the amount involved is small and may be recouped by the trustee from those to whom it was paid does not affect the result. Under the circumstances we hold that the trustee has an appealable interest.

Thomas Galbraith, who, it was alleged, purchased the interests of certain of the nephews and nieces in reliance upon the decision in *Aihonua* v. *Ahi,* did not appeal from the decree so it will not be necessary to consider the point whether, having so purchased, it would be depriving him of property without due process of law to now hold that those interests are to be diminished in order to let in the children of the deceased niece.

Counsel for the appellant are in error in supposing that the two cases above referred to are in conflict. The earlier of the two decisions was rendered in 1883 by the trial court in an ejectment case whereas the later was decided in 1910 by the supreme court upon a writ of error. There should be no doubt as to which would be the controlling decision if they were in conflict though *Kahananui* v. *Maunakea* did not overrule *Aihonua* v. *Ahi.* In each case the statute was construed as it existed at the time of the decision. There has been no amendment of the statute since 1898. *Kahananui* v. *Maunakea* was well reasoned, and, under the ruling there made, if, in the case at bar, the intestate had left a husband he would have been entitled to one-half of the annuity and the surviving brother and the children of the deceased brother, including his grand-

MARCH, 1914. 83

Hawaiian Trust Co. v. Galbraith, 22 Haw. 78.

children, would have shared the other half. But the point here is as to who shall take in view of the fact that the intestate, being unmarried, left no husband.

Counsel for the nephews and niece contend that no provision of the statute of descent is applicable to this case; that the common law applies; and that by the common law one-half of the annuity would go to the decedent's brother and the other half to the children of the deceased brother, including their clients, but excluding his grandchildren. Counsel for the children of the deceased niece contend that effect would be given to the spirit of the statute, which was intended to furnish a complete plan for the descent of property, and no violence would be done its language, by construing it to mean that in the event of an intestate leaving only brothers and sisters and their descendants, and no husband or wife, the entire estate would go to the brothers and sisters and their descendants; that as the statute furnishes a complete scheme governing the descent of property there is no occasion for resorting to the common law; but that if the statute does not apply the entire annuity would, by the rule of the common law, go to the intestate's surviving brother to the exclusion of all these respondents.

In *Barnitz* v. *Casey,* 7 Cranch 456, 468, the supreme court held that where it is "perfectly clear" that the case presented is not within the statute, it "of course is a *casus omissus* to be regulated by the common law." In the later case of *Bates* v. *Brown,* 5 Wall. 710, 716, the court quoted from Kent's Commentaries that "In the United States the English common law of descents, in its most essential features, has been universally rejected, and each State has established a law of descents for itself." And after quoting from the statute involved in that case, which does not appear to have been any more complete than the statute of this Territory, the court said, "We find here not a trace of the common law. These provisions are diametrically opposed to all its leading maxims. We cannot infer from their silence that anything not expressed was intended to

be adopted from that source by implication or construction." Chapter 155 of the Revised Laws purports to furnish a full and complete scheme for the distribution of intestate property both real and personal; it propounds a series of hypotheses and declares who shall take under each given state of facts; it provides in several paragraphs for children, husband, wife, parents, brothers and sisters, and the children and descendants of such, and, if there are no such relatives, for the next of kin. Under such a statute the rules of descent of the common law are excluded upon the principle that where a statute relating to a given subject covers the whole of such subject it excludes the common law upon that subject. *Cloud* v. *Bruce,* 61 Ind. 171, 174.

The provisions of the statute which bear directly upon the question are as follows:

"If the intestate be a woman and leave no issue, her estate shall descend one-half to her husband, and the other half to her father and mother as tenants in common, and if she leave no husband nor issue, the whole shall descend to her father and mother, or to either of them if only one be alive; if she shall leave no issue, nor father, nor mother, her estate shall descend one-half to her husband and the other half to her brothers and sisters, and to the children of any brother or sister by right of representation.

"If the intestate shall leave no issue nor father, mother, brother or sister, nor descendants of any deceased brother or sister, the estate shall descend to the intestate's widow, if any; or in case the intestate be a woman, to her husband, if any.

"If the intestate shall leave none of the said relatives surviving, nor widow nor husband, the estate shall descend in equal shares to the next of kin in equal degree, but no person shall be entitled, by right of representation to the shares of such next of kin who shall have died; provided, however, that if the estate come through either parent of the deceased intestate, the brothers and sisters of that parent and their respective heirs shall be preferred to those of the other parent." (R. L. Sec. 2509.)

Some of the reasoning in the opinion in *Kahananui* v. *Mau-*

*nakea* is applicable and it need not be repeated here.   We think it a reasonable and necessary conclusion from the statute as a whole and the provisions quoted in particular that where the intestate is a female who leaves no husband, her only heirs being a brother and the descendants of a deceased brother, the common law does not apply, but that the brother and the descendants of the deceased brother will take the estate.   From the provision in the final paragraph quoted that when "none" of the specified relatives are surviving the estate 'shall descend to the next of kin there arises a fair presumption that the legislature intended that when *some* such relatives are surviving they should take the property; and the reasonable inference to be drawn from the first paragraph quoted is that when the intestate leaves neither issue nor parents nor husband the whole estate shall go to the brothers and sisters and the children of any deceased brother or sister.   The circuit judge properly held that the children of the deceased niece are entitled to the share of the annuity which their mother would have taken had she survived.

Decree affirmed.

*Frear, Prosser, Anderson & Marx* for complainant.

*Smith, Warren, Hemenway & Sutton* and *Holmes, Stanley & Olson* for respondents.