# IN THE MATTER OF THE ESTATE OF ALFRED S. HARTWELL, DECEASED.

## No. 908.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. W. L. WHITNEY, JUDGE.

ARGUED MARCH 14, 1916.                    DECIDED MARCH 28, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

WORDS AND PHRASES—"*children.*"

The general construction of the word "children" accords with its popular signification, namely, as designating the immediate offspring.

WILLS—*devise to children as a class.*

A testator by his will gave his residuary estate "in equal shares to all my children who shall be living at my decease." Held, that the term "children" must be construed in its proper sense as designating the immediate offspring, and this construction is unaffected by the fact that at the time of the making of the will, and at his death, there was living a grandchild of the testator's, the son of a deceased daughter, who but for the will would have been entitled as an heir at law to share in the estate of his grandfather.

OPINION OF THE COURT BY WATSON, J.

This is an appeal from a decree of distribution made by a circuit judge of the first circuit sitting at chambers in probate. Alfred S. Hartwell, a resident of Honolulu, and a former chief justice of this court, died on the 30th day of August, 1912, leaving a last will and testament dated April 22, 1912, whereby, after devises and bequests of specific property to his son and certain of his daughters by name, he gave the residue of his property "in equal shares to all my children who shall be living at my decease." When he made his will he had seven children, six daughters and a son, all of whom survived him. One daughter, Mrs. Charlotte Lee Hartwell Chater, had died on the 3d day of September, 1909, leaving the appellant, who was born some three or four days before his mother's death, surviving. The testator knew that his said daughter was dead and that the appellant was living at the date of his will.

The residue of the testator's estate consists of personal property, including money, amounting to about $115,000 in value. The minor, through his guardian, appeared and made claim to a distributive one-eighth share of such residuary estate on the ground that the devise, above quoted, was a devise to *issue* living at the decease of the testator, basing the claim on the grounds (1) that the testator so understood the words in question; (2) that any other construction would cause a disherison of the lawful heir of the testator, and (3) that such minor grandchild would otherwise take as a pretermitted heir. The claim of the minor was rejected by the court below and a decree entered ordering distribution under the will to the seven surviving children of the testator of the entire residue of the estate, excluding the appellant from such distribution. From this decree the appeal was taken by the minor.

The third ground, above stated, that the minor would take as a pretermitted heir in the event the word

"children," as used in the will, is construed to mean other than "issue," is not urged in this court except as a reason why such word (children) should be given the meaning contended for by the appellant. It may be well here to note that in this Territory there is no statute making provision for children or the issue of a deceased child whose ancestors have by their wills made no provision for them. Such statutes exist in many States (Stimson's Amer. Stat. Law, Sec. 2842), but, as was said in *Culp* v. *Culp,* 142 Ind. 159, 163, in this jurisdiction "it is a privilege of an ancestor to make such inequality of division among his children as he may desire, and if he so desires it, he may leave a child without an interest in his estate. The child, unlike the wife, has no such legal interest in the father's estate that it can be enforced regardless of testamentary provision." Now as to the meaning of the word "children."

"The technical legal import of the word 'children' accords with its ordinary and popular signification. It does not denote grandchildren; and, though some times used with that purpose and effect, there is no warrant for thus enlarging its meaning in construing a will, unless indispensably necessary to effectuate the obvious intent of the testator. It may be regarded as well settled that such enlarged or extended import of the word 'children,' when used as descriptive of persons to take under a will, is only permissible in two cases. First, from necessity, where the will would be otherwise inoperative, and second, where the testator has shown by other words that he did not use the word in its ordinary and proper meaning, but in a more extended sense. About this rule of construction there seems to be no conflict in the authorities. (Roper on Legacies, vol. 1, 69; Jarman on Wills, volume 2, 51-2; Phillips v. Beall, 9 Dana, 2; Yeates v. Gill, 9 B. Mon., 204; 12 B. Mon., 115.)" *Churchill* v. *Churchill,* 59 Ky. (2 Met.) 466, 469.

In addition to the authorities cited in the case last referred to we might add the following: *Adams et al* v. *Law,* 17 How. (U. S.) 419, 421, 15 L. Ed. 149; 2 Words &

Phrases, p. 1128; 2 Jarman on Wills, pp. *147, *148; 2 Underhill on the Law of Wills, §548, pp. 714,715; 2 Williams on Executors, 1182, 1183; *Hopson's Ex'r* v. *Commonwealth for use of Shipp, etc.,* 70 Ky. 644, 647; *Pimel* v. *Betjemann,* 183 N. Y. 194, 200, 201.

Quoting from the brief of counsel for the children "It is obvious that neither of the two established exceptions applies to the present case. The testator left seven children of the first generation surviving him, so that the will is operative without extending the term. Nor is there anything in the will which indicates the intention of the testator to include grandchildren under the term 'children.' The will is peculiarly free from words and phrases on which such an argument could be built up."

Counsel for appellant concede the correctness of the rule that the general construction of the word "children" accords with its popular signification, namely, as designating the immediate offspring, but contend (1) that where, as here, a grandchild and heir will be disinherited if the word is given its ordinary and usual signification, "the equity of the case, the reason of the thing, demands that the word 'children' in this will should stand for a grandchild, child of a deceased child, as well as for the immediate issue," and (2) that the testator so understood the use of the words in question and gave this construction to them, where, as here, the equity of the case demanded it, in an opinion rendered by him as a judge of this court shortly before his death. We cannot sustain the contention of counsel that "the equity of the case" demands that the word "children," as used in this will, should be construed to include a grandchild, the issue of a deceased child, on the theory that otherwise one who was an heir at law of the testator at the time the will was written will be disinherited. The only inequity suggested is that the appellant did not get the share of his grandfather's estate which he

would otherwise, as an heir at law, have been entitled to had the grandfather died intestate. The facts in the case of *Hunt's Estate,* 133 Pa. St., 260, are almost on all-fours with those in the case at bar, except that in that case the minor, a grandchild of the testator, by the aid of certain explanatory notes endorsed on the margin of the will and codicil by the testator, was able to make a much stronger showing of the testator's probable intent to so include the grandchild than has appellant here. But the supreme court of Pennsylvania, reversing the decision of the lower court, held that the grandchild was not included in the term "children" as used in the codicil, and that she had no interest in the estate of her grandfather, the testator. In that case, as in the one at bar, counsel for the grandchild claimed that their client, being an heir, nothing but words of express exclusion could take away her right (p. 269). The court, in language which is peculiarly applicable to the facts in the case at bar, on page 273 said:

"The grandchild is nowhere named in the will. She is not a legatee by name, nor is she even spoken of or referred to as his grandchild, or, specifically, as a legatee of anything. * * * Under the will the grandchild could come in, not because she was named as a legatee, but because she was one of a class to the whole of whom the residue was given. * * * The grandchild * * * is not a member of the class named in the codicil; and to let her in under the codicil would be to destroy the whole scheme of distribution as established by the codicil."

We think other language would have been used if the testator had intended that this child of his deceased child should share in the residuary estate disposed of by the will and that had he intended appellant should take he would have specifically bequeathed to him the share which would have gone to his deceased mother, if alive.

It is not disputed by appellant that a testator may disinherit one who but for the will would be entitled to share in

the estate (1 Bl. 449; *Culp* v. *Culp*, 142 Ind. 163), but in support of his contention that the word "children," as used in the will before us, must be construed to include this grandchild it is argued that heirs are favored in the law and cannot be disinherited by any dubious or ambiguous words. This rule is well settled and is laid down in many adjudicated cases. We find it concisely and clearly stated in 30 A. & E. Enc. Law, 2d ed., 668, as follows:

"Where any ambiguity exists in a will, it is a well established rule of construction that the law favors the heir in preference to one not so nearly related by blood or not related at all. Thus, heirs at law are not to be disinherited by conjecture but only by express words or by necessary implication. Mere negative words will not suffice, but there must be an actual disposition of the estate to some other person."

In our opinion, however, no ambiguity exists in the will of the testator here, and in the view we take there has been an actual disposition of the estate to other persons, who are more nearly related by blood than is appellant. Testator had the right to leave appellant unprovided for in his will, without reason. We are not called upon to conjecture why he adopted that course. He did not make appellant a legatee, nor did he make a bequest to his mother. He may have given appellant's mother in her lifetime what he intended for her share. Be this, however, as it may, he has left appellant unprovided for by his will and we cannot amend it.

In support of his contention that the testator understood the use of the word "children" to include *issue,* the child of a deceased child, counsel for appellant devote a considerable portion of their brief to a discussion of early Hawaiian statutes concerning the descent and distribution of property, and decisions under those statutes; and rely most strongly on the recent case of *Kahananui* v. *Maunakea,* 20 Haw. 114, where this court, in an opinion written by the

testator while a member of the court, in construing a statute, held that the word "children," as there used, included "grandchildren." This decision, in our opinion, is of no value in ascertaining the intent of the testator as to the meaning of the word "children" as used in his will. It is only entitled to weight as a judicial precedent, laying down what we conceive to be sound rules of construction, and the fact that the opinion was written by Judge Hartwell entitles it to no more consideration in the case at bar than if the opinion had been written by another member of the court, of which the testator was a member, and concurred in by him. A careful reading of the case convinces us that it is not here in point, and analyzing the reasoning there employed and the authorities cited, we are satisfied that Judge Hartwell had in mind, and was fully cognizant of, the rule that the word "children," when used in a will, in its primary and usual signification, means descendants of the first generation. The language of the statute then under consideration brought it fairly within the exceptions hereinabove adverted to, and in our opinion the views expressed in the *Kahananui* case detract from, rather than add to, the force of the contentions here advanced by appellant.

There is nothing in the language of this will nor in the circumstances surrounding the parties at the time of its making that would justify us in withdrawing it from the operation of the general rule as to the meaning of the language therein used.

The decree appealed from is affirmed.

*Stanley & Wilder* for the executor filed no brief.

*R. B. Anderson* (*Frear, Prosser, Anderson & Marx* on the brief) for the claimants under the will other than Charles H. Chater, a minor.

*D. L. Withington* (*Castle & Withington* on the brief) for Charles H. Chater, a minor.