GEORGE GATES KINNEY AND TRENT TRUST COMPANY, LIMITED, TRUSTEES UNDER THE WILL AND OF THE ESTATE OF THOMAS RICHARD ROBINSON, DECEASED, *v.* RICHARD PHILIP ROBINSON, ET AL.

No. 1760.

ARGUED AUGUST 25, 1927.          DECIDED DECEMBER 1, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This proceeding was commenced by bill in equity filed by the trustees named in the will of Thomas Richard

Robinson, deceased, for construction of said will and for instructions, and is before us on appeal of Leslie Robinson and Cicely Robinson, two of the minor respondents, by their guardian *ad litem,* from the decree of the trial judge construing said will as hereinafter set forth.

The will set forth in the petition and introduced at the hearing as petitioners' exhibit "B" provided as follows:

"Honolulu 18th March 1921

"This is the last will & testament of me, Thomas Richard Robinson, of Honolulu.

"I give to my son, Richard Philip Robinson, & to my son in law, George Gates Kinney, each, one thousand dollars.

"The remainder of the small estate I wish to remain invested as it is, or in similar or good commercial stocks or bonds, for a period of ten years from this date, so that there may be a small income available for calls for the needs of the four children of the abovementioned, to help somewhat in their education, at a Protestant School, where the fear and the love of God are taught as the only foundation.

"Should the four children strive faithfully at school I would wish that the *principal* be used to *help* to a college education—that they be encouraged to prepare their minds and bodies for a healthful, useful life, happy in service,

"In case my sister Mary Elizabeth Robinson outlives me I wish her to receive twenty five dollars per month during her lifetime.

"I appoint Geo. Gates Kinney & Trent Trust Co Limited my administrators and trustees, and request them to pay my lawful debts & funeral expenses."

(signed) "Thomas Richard Robinson"

"Signed by Thomas Richard Robinson, as his last will & testament, in our presence who were present together at the same time." (signed) "J. H. Myatt" (signed) "G. H. Cowan"

The questions propounded by the trustees are thus set forth in their petition:

"1. (a) Was any trust as to the income of his estate created by the testator in and by his said will? (b) If such a trust was created for what period is the same to continue? (c) If such a trust was created what persons are the beneficiaries thereof? (d) If such a trust was created are the minor respondents above named entitled to share in equal proportions the entire net income of the said estate (subject only to the payment of the annuity bequeathed to the respondent Mary Elizabeth Robinson) or is the said income to be used only for the benefit of such of the minor respondents as may from time to time be in need, for the purposes of their education, of financial assistance? (e) If such a trust was created, is the disposition of the income of the estate left to the discretion of your petitioners, with power to expend the same for the benefit of one or more of such minors to the exclusion of the other or others? (f) What disposition is to be made of the surplus income, if any, remaining after provision has been made for the education of the minor respondents?

"2. (a) Was any trust created in and by the said will in regard to the principal of the said estate? (b) If such trust was created how long is the same to continue? (c) If such a trust was created what persons are the beneficiaries thereof? (d) If such a trust was created, are the minor respondents above named entitled to share in equal proportions the entire principal of the said estate, or is the said principal to be used only for the benefit of such one or more of the minor respondents, to the exclusion of the other or others, as the trustees may in their discretion determine to be deserving of a college education? (e) What disposition is to be made of the surplus principal, if any, after provision has been made for the collegiate education of such of the minor respondents as may be entitled thereto?

"3. Was any trust created in and by the said will for the benefit of the respondent Mary Elizabeth Robinson?

"4. Is there an intestacy as to the principal or income of the said estate or as to any portion of the said principal or of the said income?

"5. If any trust is created either as to the income or principal of the said estate, is the petitioner George Gates Kinney disqualified, by reason of his relationship to two of the minor respondents, to serve as a trustee of the said estate?"

An answer was filed by the minors, Leslie Robinson and Cicely Robinson, and another by the minors, Catharine Marian Kinney and George R. W. Kinney, acting through their respective guardians *ad litem* theretofore appointed by the court. Appearance was entered by Richard Philip Robinson who joined in the contentions made by the guardian *ad litem* of the respondents, Catharine Marian Kinney and George R. W. Kinney. No appearance was made by or on behalf of the respondent, Mary Elizabeth Robinson. The case was heard April 15 and decree entered April 28, 1927. Facts shown in part by the admissions of the parties, in part by undisputed evidence and in part by the sufficiently supported findings of the trial judge, are as follows: Thomas Richard Robinson died November 11, 1925, being at the time of his death a resident of Honolulu and leaving a last will and testament, hereinabove quoted at length, which was duly admitted to probate in the first circuit court February 9, 1926. The deceased left as his only heirs at law a son, the respondent Richard Philip Robinson, and two grandchildren, the respondents Catharine Marian Kinney, about thirteen years of age, and George R. W. Kinney, about twelve years of age, both being children of Catharine Louise Kinney, a daughter of the deceased, who died in his lifetime. The minor respondents, Leslie Robinson and Cicely Robinson, are of about the age of fourteen and eleven years respectively and are the son and daughter of the respondent Richard

Philip Kinney. The respondent Mary Elizabeth Robinson is a sister of the deceased and is of about the age of sixty-nine years. The estate of the deceased consists of stocks and bonds of the value of $61,046.21, or thereabouts, and the gross annual income of the estate is the sum of $3,484, or thereabouts. On February 9, 1926, the petitioners were duly appointed executors of said will and on the following day they duly qualified and letters testamentary were issued to them as such executors. On November 5, 1926, after payment of the legacies bequeathed in said will, all the debts of the decedent and expenses of administration and after the completion of administration, all the property of the estate remaining in the hands of the executors was by order of court distributed to George Gates Kinney and Trent Trust Company, Limited, as trustees of said estate and the said trustees have ever since the date of said order of distribution retained said property in their possession. The Kinney minors are attending boarding schools, one in Portland, Oregon, and one in Victoria, B. C., and are being maintained and educated at the expense of their father. The Robinson minors are residing at North Vancouver, B. C., where they are attending public schools, and are being maintained at the expense of their father.

The trial judge finds that the bequests to Richard Philip Robinson, George Gates Kinney and Mary Elizabeth Robinson are valid. After setting forth the trial judge's finding of facts, the decree continues: "And the court further finds that the language used by the testator in his said will is so vague, uncertain and ambiguous that no trusts either as to the principal or income of his estate or any part thereof were thereby in and by said will created in favor of the respondents Leslie Robinson, Cicely Robinson, Catharine Marian Kinney,

George R. W. Kinney and Mary Elizabeth Robinson, or any of them, and that, save and except as to the bequests to the said Richard Philip Robinson, George Gates Kinney and Mary Elizabeth Robinson as aforesaid, the said Thomas Richard Robinson died intestate. Wherefore it is ordered, adjudged and decreed, and the petitioners herein are instructed: (a) That no trusts were created in and by the will of the said Thomas Richard Robinson, either as to the principal or income of his estate or any part thereof, and (b) that all of the property left by the said Thomas Richard Robinson at the time of his death, and remaining in the possession of the petitioners after the payment of the expenses of administration of his estate and of the bequests made as aforesaid to the above named Richard Philip Robinson and George Gates Kinney, and subject to provision being made for the payment of the annuity as aforesaid to the said Mary Elizabeth Robinson, belongs to his estate as intestate property and should be administered by the petitioners herein as executors of the will and of the estate of the said Thomas Richard Robinson, and is distributable as to one-half thereof to the respondent Richard Philip Robinson, and as to the other one-half to the respondents Catharine Marian Kinney and George R. W. Kinney, as tenants in common in equal shares."

It is from the foregoing decree that the respondents Leslie Robinson and Cicely Robinson, minors, by their guardian *ad litem*, have appealed to this court. From the language employed in the will the testator's intent is indubitably clear, at least to the following extent: (1) that from the property of his estate his son and his son-in-law should each have $1000; (2) that the residue shall remain invested as it is or similarly invested for a period of ten years from the date of the will, i. e., until March 18, 1931; (3) that the income therefrom shall be

available toward the pre-college education of his four grandchildren at a school or schools of the kind designated; (4) that the principal shall be used to help said grandchildren to a college education—provided they shall strive faithfully at school; (5) that testator's sister, who now survives him, shall receive $25 a month during her lifetime; (6) that George Gates Kinney and Trent Trust Company, Limited, shall be trustees of testator's estate. None of the provisions above referred to appears to be inherently impossible of execution. None of the intentions above summarized is in conflict nor would its execution be in conflict with any established rule of law or public policy. For that reason, under the rule long recognized in this jurisdiction and recently followed in *Estate of Deering*, 29 Haw. 854, 857, each should be given effect. The principle above referred to was more clearly and strongly declared by Chief Justice Marshall in the much quoted case of *Smith* v. *Bell*, 6 Pet. 68, 75, as follows: "The first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law." From the language of the will there can be no doubt that the testator intended to create a trust. This is shown by the provisions naming and appointing trustees, providing for a continuation of investments, for the application of income and later of principal toward the education of his grandchildren and for the payment of an annuity to his sister. All the elements of a valid trust are present, namely, "a person competent to create it, sufficient words to create it, a person capable of holding as trustee, a specified or ascertainable object, a definite subject, and a declaration of the terms of the trust." 26 R. C. L. 1179. As to the sufficiency of the words used, "no particular or technical words are re-

quired to create a testamentary trust. Although the words 'trust' and 'trustee' are apt for this purpose, they are not necessary, but a trust is created where it clearly appears that the testator's intention was that the donee should take beneficially, without any particular form of words; and a devise in terms to the trustee is not necessary." 40 Cyc. 1727, 1728. "While it is true that, to constitute a valid declaration of a trust, it must appear from the language used that such was the intention of the testator, and that the terms—subject-matter, beneficiaries, etc.—must be so reasonably certain as to be capable of enforcement, it is equally true that specific language, declaratory of a trust, is not necessary, provided the intention is clear and the other requisites are found. It is not necessary that the title be given in express terms to the trustees. If the trust is otherwise manifested, and a trustee be named, he will, by implication, take such title and estate as is necessary to enable him to execute the trust." *Haywood* v. *Wachovia Loan & Trust Co.,* 62 S. E. (N. C.) 915, 919.

As shown by their context and manifest use, the precatory words "I wish" and "I would wish" used by the testator, introduced by the statement that this is his last will and testament, are equivalent to a positive direction and imply no alternative. Said Mr. Justice Matthews in delivering the opinion of the court in *Colton* v. *Colton,* 127 U. S. 300, 312: "If there be a trust sufficiently expressed and capable of enforcement by a court of equity, it does not disparage, much less defeat it, to call it 'precatory.' The question of its existence, after all, depends upon the intention of the testator as expressed by the words he has used, according to their natural meaning, modified only by the context and the situation and circumstances of the testator when he used them. On the one hand, the words

may be merely those of suggestion, counsel, or advice, intended only to influence, and not to take away the discretion of the legatee growing out of his right to use and dispose of the property given as his own. On the other hand, the language employed may be imperative in fact, though not in form, conveying the intention of the testator in terms equivalent to a command, and leaving to the legatee no discretion to defeat his wishes, although there may be a discretion to accomplish them by a choice of methods, or even to define and limit the extent of the interest conferred upon his beneficiary." The precatory words in the instant case are as effective as though the testator had substituted for them the words "I direct."

As urged by appellants, it is obvious from a mere perusal of the will that the predominant intention of the testator was to provide education for his four grandchildren. The pecuniary bequests to his son, his son-in-law and his sister were definite and none of the three was named as a residuary legatee. It is evident that the testator did not intend any one of them to receive more of his estate—and certainly not to the curtailment of the amount needful for his grandchildren's education. The trial judge's decree that no trust was created, either as to principal or income, and that all the residue of testator's property, after payment of expenses of administration and the three pecuniary bequests above named is distributable as intestate property to his heirs at law, does violence not only to the statutory rule of construction as to the presumption against intestacy, but to the clearly expressed intention of the testator as well.

All of the property left by the testator was personalty. From his reference to the *remainder* after the payment of specific pecuniary legacies to his son and his son-in-law, from his mention of his *small* estate, from his expressed wish that the *small* income derivable there-

from should be available for calls for the needs of his four grandchildren to *help somewhat* in their education and from his further expressed wish that the principal be used to *help* to a college education, taken in connection with the fact that the will contains no residuary clause other than hereinabove quoted, it is apparent, first, that his intention was to dispose of his entire estate, and, second, that his belief was that his entire estate would be sufficient only to *help* toward the fulfillment of the purposes named and that there would be no surplus left after that object had been attained. It is also apparent that he did not wish to show any favoritism among his grandchildren. The income is made available for the needs of the *four* grandchildren—the principal is to be used for their higher education, the only proviso without other discrimination being that they shall strive faithfully at school. "A trust for several beneficiaries is not uncertain though the interest of each is not stated, for if the instrument is silent as to the interest which each is to take, the presumption will be that their interests are equal." 26 R. C. L. 1185. In this view, subject to the provisions of the will, one-fourth of the net income should have been held by the trial judge to be available for calls for the needs of each of the four grandchildren and subject to the terms above set forth, the principal should have been held to be in trust in equal shares to help to a college education all of said grandchildren who shall have striven faithfully at school.

It is not now apparent that there will be any surplus, either of interest or principal, after execution of the trust provisions, and an opinion at the present time as to the proper distribution of a possible surplus is not necessary. Questions as to the needs of the four grandchildren, as to whether or not they are being educated

in the kind of schools designated by the testator, as to whether or not, when the time comes for application of the corpus of the estate, it can be held within the meaning of the will that they have striven faithfully at school, are all questions which will depend for their correct answer upon their own particular facts, which may be submitted or litigated as they arise. Questions of law as to what shall become of any surplus not necessary for the college education of those children who do strive faithfully need not be decided. Answers to them are not now necessary and for that reason are not given. See *Bishop Trust Co.* v. *Oahu Sugar Co.,* 19 Haw. 183, 185. A court of equity "will not undertake, where there is no matter in dispute, to declare future rights, nor will it ever undertake to decide upon and determine contingencies which may never arise, unless such determination is necessary for the decision of some immediate relief to be granted, and which it can enforce by a decree. * * * The jurisdiction of courts of equity in respect to testamentary construction will never be exercised for the purpose of determining hypothetical, abstract or moot questions." 40 Cyc. 1846, 1847. See also to the same effect 3 Pomeroy, Eq. Jur. (4th Ed.), §1157, p. 2741. "It is permissible for the trustee, when in doubt as to the extent of his powers or as to the proper manner in which to proceed, to apply to a court of equity for instructions concerning the administration and execution of the trust; and the court will give such instructions * * * provided the question presented is doubtful and requires immediate solution, and is not merely one which may arise in the future." 39 Cyc. 317, 318, 319.

As to the duration of the trust: "It is held in accordance with the authorities, both in England and this country, that in the construction of wills the estate

given to a trustee is to continue for so long a period as is necessary to enable him to execute the trust." *Haywood* v. *Wachovia Loan & Trust Co.*, 62 S. E. (N. C.) 915, 919. Applying the above quoted rule to the instant case, the trust provided by the testator's will is to continue for so long a period as is necessary to carry out its provisions with reference to the education in school and college of testator's grandchildren and to the payment for the term named of the annuity to his sister.

The meaning of the words "a college education" is readily ascertainable, but under the ruling hereinabove made as to possible future issues, it need not be defined at the present time.

It is conceded by all the parties represented at the hearing that if a valid trust has been created, the mere relationship of George Gates Kinney to the beneficiaries does not disqualify him to act as trustee; and no legal reason appears for holding him disqualified.

For the foregoing reasons it is held: (a) that under the provisions of said will a trust has been created and now exists as to both income and principal of said estate; (b) that said trust shall continue until its purposes have been fulfilled as is hereinabove more specifically set forth; (c) that the beneficiaries of said trust are Leslie Robinson, Cicely Robinson, Catharine Marian Kinney, George R. W. Kinney, minors, and Mary Elizabeth Robinson, each to the extent hereinabove set forth; (d) that subject to the annuity of Mary Elizabeth Robinson, one-fourth of the net income of said estate shall be held available for calls for the needs of each of the testator's four grandchildren above named to help in their education in a school or schools of the kind named in the will—the questions as to what are such needs and with whom rests authority to decide

them to be left to future determination from the facts as they arise; (e) that, subject to the annuity above named, the principal of said estate shall be used to help to a college education such of the four grandchildren above named as shall strive faithfully at school; and it shall be available for said purpose as far as necessary and in equal parts among those of said grandchildren who shall so strive—the questions of qualification of the respective grandchildren, under the provision of the will as to principal, and the right of decision as to such qualification to be left for determination until they are presented by the facts; (f) that George Gates Kinney is not disqualified to act as one of the trustees of the above named trust. Questions not hereinabove ruled upon are left unanswered.

The decree appealed from is reversed. A decree in conformity with the foregoing opinion will be signed upon presentation.

*Smith, Warren, Stanley & Vitousek,* for petitioners, submitted the case upon the briefs filed by both appellants and appellees.

*E. M. Watson* (also on the briefs) for Leslie Robinson and Cicely Robinson, appellants.

*A. G. M. Robertson* (also on the brief) for Catharine M. Kinney and George R. W. Kinney, appellees.