## Case No. 4,917.

FOOTE v. SILSBY et al.

[1 Blatchf. 542;[1] 1 Fish. Pat. Rep. 391.]

Circuit Court, N. D. New York. June Term, 1850.

Samuel Stevens, for plaintiff,

Samuel Blatchford, for defendants,

NELSON, Circuit Justice. The allowance of the writ of error in this case was granted by me at chambers, and the question is, whether or not a judge at chambers has the power to allow the writ, under the seventeenth section of the patent act of 1836, where the judgment is under the sum of $2000.

That section provides for writs of error and appeals from judgments and decrees in patent cases, the same as in other cases in the federal courts, and adds, that they shall also lie "in all other cases in which the court shall deem it reasonable to allow the same."

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

This applies to the case of a judgment for the plaintiff for less than $2000, which is the amount required to authorize a writ of error or appeal under the general law on the subject.

The argument on the part of the plaintiff is, that the judge must be sitting at a stated term of the court, and not at chambers, to satisfy the language of the act providing for this special writ of error. There might be some reason for this distinction in a case where a court at chambers and one at a stated term fixed by statute were held by a different body. But when they are held by the same individual, as in this case, I doubt if the distinction is well founded. The nature of the subject here seems to indicate chamber business, and the matter may as well be attended to at chambers, as in court in term time. A judge sitting at chambers is a court, in the proper and usual sense of the term, and in a sense which may satisfy the words as well as the import of the statute. Although there may be some doubt in the matter I am inclined to hold that the writ was properly allowed.

As to the order in regard to a bill of exceptions, there is no doubt that the points must be made and the exceptions taken in the usual way at the trial, in order to entitle the party to the benefit of them on the writ of error. And, as well as I recollect this case when it was before me, the points in it were taken in the required form, although the paper book itself, on which the motion for a new trial was made, was in the form of a case. That fact is explained, however, in the opposing affidavit, and the paper appears to have taken that particular form under the direction of the judge before whom the trial took place, without prejudice to the right of the defendants to make up a bill of exceptions with a view ultimately to a writ of error.

Upon the whole, I think the motion must be denied in both aspects in which it is presented.

Motion denied. without costs.