# IN THE MATTER OF THE ESTATE OF JAMES CAMPBELL, DECEASED.

## No. 2274.

ARGUED MAY 15, 1936.                    DECIDED MAY 23, 1936.

BANKS AND PETERS, JJ., AND CIRCUIT JUDGE METZGER IN PLACE OF COKE, C. J., DISQUALIFIED.

OPINION OF THE COURT BY PETERS, J.

This is a reservation permitted under section 3450, R. L. 1935. The questions of law reserved arose in a proceeding before the circuit judge in chambers, brought by the surviving trustees under the will and of the estate of James Campbell, deceased, for confirmation of their nominee to the office of cotrustee and for the entry of an appropriate vesting order. The report of the cause contains

the last will and testament of the testator, the petition of the surviving trustees for appointment of new trustee and the respective answers and cross bills of certain appearing respondent beneficiaries.

Under the pleadings the following facts are admitted: The petitioners are the surviving trustees under the will and of the estate of James Campbell, late of Honolulu, deceased; Robert Witt Shingle, a former trustee, died at Honolulu on the twenty-third day of October, 1935; the last will and testament of the said James Campbell was duly proved and admitted to probate; the eighteenth paragraph of said will provides as follows: "Eighteenth: I hereby nominate and appoint my said wife, Abbie Campbell, as Executrix, and Joseph O. Carter, the elder, and Cecil Brown, both of said Honolulu, as Executors of this my Last Will and Testament; and I further nominate and appoint my said wife, and said Joseph O. Carter, the elder, and Cecil Brown, to be and act as Trustees of my said Estate, as hereinbefore provided. And I will and direct that if, for any reason, one or more of said persons so nominated shall be unable or shall decline to assume or to continue the relation of such Executrix, Executor or Trustee, his or her place as such officer shall be filled as follows, namely:— If only one of said nominees shall be willing to so act, or if, for any reason, their number, as such officers, shall be reduced to one, the one so willing to act or acting, shall nominate to the Hawaiian Court having probate jurisdiction, some other suitable person to act as such Executrix, Executor or Trustee, as the case may be. If such nomination shall be confirmed by the Court, and such nominee shall duly qualify, then the remaining vacancy shall be filled by a joint nomination of the two persons so qualified, and confirmation by the Court. And where there shall exist but one such vacancy, both of the persons then willing to act or acting, shall join

in any nomination to fill the same:— and, in like manner any and all successive vacancies shall be filled, by such nominations and confirmations;" the said Abbie Campbell, Joseph O. Carter and Cecil Brown, the trustees named in said will have long since died; the acting trustees under said will until October 23, 1935, were the petitioners and the said Robert Witt Shingle; the petitioners have joined in the nomination and in and by their petition thereby nominate George Miles Collins, of Honolulu aforesaid, as a trustee under said will and of said estate to fill the vacancy caused by the death of said Robert Witt Shingle.

The will of the testator was executed in San Francisco, State of California, and is dated July 8, 1896.

The questions of law reserved are as follows: "1. Are the provisions of the last will and testament of James Campbell, deceased, providing for the suggestion or nomination and appointment of successor trustees, particularly paragraph eighteenth of said will, valid? 2. Are petitioners, Albert Newton Campbell and John Kirkwood Clarke, as trustees under said will, vested with the sole and exclusive right, power and privilege under said will of suggesting and nominating persons to fill vacancies in the board of three trustees provided for in said will?" They will be discussed *seriatim*.

1. In our opinion the testator, by providing that nominations to fill a vacancy in the office of trustee be confirmed by the Hawaiian court having probate jurisdiction, made an invalid attempt to confer upon a judicial tribunal jurisdiction which was not vested in it by the laws of Hawaii and that hence the provisions of said will and particularly paragraph eighteenth thereof, to the extent that they attempt to confer such jurisdiction, are null and void.

In construing a will the cardinal rule to which all

other rules must bend is that the intention of the testator controls and must be given effect unless it be contrary to some rule of law or against public policy. (*Harrison* v. *Judd*, 3 Haw. 421, 426; *Thurston* v. *Allen*, 8 Haw. 392, 400; *Ninia* v. *Wilder*, 12 Haw. 104, 107, 108; *Rooke* v. *Queen's Hospital*, 12 Haw. 375, 379; *Fitchie* v. *Brown*, 18 Haw. 52, 70; *Mercer* v. *Kirkpatrick*, 22 Haw. 644, 647; *Lucas* v. *Scott*, 239 Fed. 450, 453; *McCandless* v. *Castle*, 25 Haw. 22, 30; *Wodehouse* v. *Robinson*, 27 Haw. 462, 466, 475; *Estate of Deering*, 29 Haw. 854, 857; *Kinney* v. *Robinson*, 30 Haw. 246, 253; *O'Neil* v. *Dreier*, 61 F. [2d] 598, 599.) And this applies to the appointment of trustees similarly as to other parts of a will. (*Estate of Lutted*, 23 Haw. 11, 15.) Such intention, however, is to be ascertained from the language of the will itself as far as the language employed permits and resort should not be had to rules of construction unless and until from the ambiguity of the language used the intention of the testator cannot be fairly and reasonably ascertained. The intent to be discovered is not whether the testator intended to make a valid provision for filling vacancies in the office of trustee but what provisions he in fact intended to make. When such intent is discovered it is for the court to determine the legal effect. "The duty of the court is not to make a new will * * * to carry out some supposed but undisclosed purpose, but to ascertain what the testator actually intended by the language employed by him, when properly interpreted, and then to determine whether such intended provisions are valid or otherwise." *Herzoy* v. *Title Guarantee & Trust Co.*, 69 N. E. (N. Y.) 283, 284. The duty of the court is to interpret, not to construct; to construe the will, and not to make a new one.

No difficulty is encountered in the instant case in understanding the method the testator intended should be employed in filling vacancies occurring in the office of

trustee. The language employed is clear and unambiguous and free from all possible doubt. He committed the nomination and confirmation of substitute or successor trustees to the surviving trustee or trustees and the Hawaiian court having probate jurisdiction in terms as plain and unequivocal as the English language admits. Hence in construing this delegation of power neither rules of construction nor the doctrine of *cy pres* are applicable. (*Estate of Hartwell,* 23 Haw. 213, 218, 219; *Wodehouse* v. *Robinson, supra; Estate of Deering,* 30 Haw. 217, 223; *Hatcher* v. *Pruitt* [Ky.], 22 S. W. [2d] 133, 135.)

As a major premise we may safely assume without fear of cavil that the testator intended that the trust be administered according to the laws of Hawaii, including the laws applicable to the judiciary of Hawaii. (*Greenough* v. *Osgood,* 235 Mass. 235, 238.) He provided that in filling vacancies in the office of trustee nominations should be made to and confirmation of such nominations should be made by an "Hawaiian" court. So that to whatever judicial tribunal it may be said nominations were required to be made or the power of confirmation of nominees was committed, in both instances the tribunal was a tribunal of Hawaii. He expressly provides in the eighteenth paragraph of his will that nominations be made to an "Hawaiian" court and that such nominations be confirmed by said court. And we must assume in the absence of anything to the contrary that he meant exactly what he said.

Moreover he expressly provided the means of identifying the Hawaiian court to which nominations should be made and by which such nominations should be confirmed. He provided that it should be the "Hawaiian court having probate jurisdiction." Nothing could be clearer. What greater accuracy could be employed in identifying a court, by means other than identifying it by name, than to de-

scribe it by the law of its existence and the jurisdiction vested in it under such law? The laws of Hawaii provide the key to the identity of the court which the testator intended should exercise the power of confirmation. A circuit judge at chambers at the time of the execution of the will in question was, and since has been and now is, an "Hawaiian court having probate jurisdiction" within the meaning of that term employed in the eighteenth paragraph of the will of the testator.

No confusion arises from the use by the testator of the word "court." In the ordinary acceptance of the term the word "court" includes not only the tribunal over which a judge presides but the judge himself when exercising at chambers judicial power conferred by statute. (*Porter* v. *Flick,* 84 N. W. [Neb.] 262.) A judge sitting at chambers is a "court" in the proper and usual sense of the term. (*Foote* v. *Silsby,* 9 F. Cas. No. 4917, 1 Blatchf. 542.)

Neither in 1896, at the time the will of the decedent was executed, nor since, have the circuit courts had probate or equity jurisdiction but such jurisdiction was and now is vested by statute in the judges of circuit courts while sitting at chambers. (L. 1892, Act 57, § 37, Am. L. 1903, Act 32, § 11, Am. L. 1915, Act 99, § 1; R. L. 1925, § 2248, Am. L. 1929, Act 18, § 1; R. L. 1935, § 3644.) Then, and since, the circuit judges at chambers have had a clerk whose duties included that of recording all proceedings before the judge (L. 1892, Act 57, § 62, Am. L. 1911, Act 127, § 2; R. L. 1925, § 2297; R. L. 1935, § 3696). In addition to the specific statutory grants of equity and probate jurisdiction there was and is vested in the circuit judges at chambers by law power to "administer oaths, and to compel the attendance of parties and witnesses from any part of the Territory, and the production of books, papers and accounts, to make and award all such judgments, decrees, orders and mandates, to issue all such

executions and other processes, and to take all other steps necessary for the promotion of justice in matters pending before them in chambers, and to take all other steps necessary to carry into full effect all the powers which are or may be given them by law, in like manner as the circuit courts may do in term time." R. L. 1935, § 3648 (L. 1892, Act 57, § 43; R. L. 1925, § 2252). Moreover, in 1896, at the time the will of the decedent was executed, and since, the jurisdiction in probate and the jurisdiction in equity respectively vested in the circuit judges at chambers have been and are now exercised separately. A strict line of demarcation existed and exists between the two jurisdictions. So much so, in fact, that they were and are separate and distinct from each other and while there neither was nor is a "probate court" or "equity court" in Hawaii *eo nomine,* the circuit judges at chambers in probate were and are in law judicial tribunals separate and distinct from the circuit judges at chambers in equity. (*Colburn* v. *Whitney,* 23 Haw. 32, 35; *In re Candido,* 31 Haw. 630.)

Nor is any difficulty encountered in ascertaining the testator's intention in using in connection with the words "Hawaiian court" the phrase "having probate jurisdiction." This qualification is equally plain and unequivocal. Courts having probate jurisdiction are creatures of law and their duties and jurisdiction in most, if not all, of the States of the Union are defined by law. They are courts of special and limited statutory jurisdiction. This is also the case in Hawaii. The circuit judges at chambers of the several circuit courts of the Territory are vested by statute with original probate jurisdiction and the circuit judge sitting at chambers in probate under the laws of Hawaii qualifies in all respects as an "Hawaiian court having probate jurisdiction," whether the word "court" contained in the quoted excerpt from the eighteenth paragraph of the testator's will was employed in

its strict technical sense or in the ordinary acceptance of that term.

It is conceded by the petitioners that circuit judges while sitting at chambers in probate are without jurisdiction to appoint a testamentary trustee; that such jurisdiction may only be exercised by circuit judges sitting at chambers in equity and that any attempt to confer upon circuit judges at chambers in probate, jurisdiction which is not vested in them by the law would be null and void. They argue, however, that the reference to the Hawaiian court having probate jurisdiction is a mere misdescription; that the intention of the testator was to repose the power of confirmation of the nomination of successor trustees in the Hawaiian court having jurisdiction over testamentary trusts and that if the word "probate" were deleted so that the reference read "Hawaiian court having jurisdiction" the phrase as corrected would conform to the intention of the testator and everything would be "plain sailing." Neither by the petition of the surviving trustees for the appointment of a new trustee nor otherwise does it appear nor is it even intimated that there is any evidence to sustain the claim of misdescription. On the contrary, counsel for the petitioners upon the argument disclaimed the existence of any such evidence. Nor is there anything in the will to indicate that the phrase "Hawaiian court having probate jurisdiction" without the word "probate" instead of as written in the will conforms to the intention of the testator. Presumably the testator intended to make a valid provision for the filling of vacancies in the office of trustee. He used the same phrase in the same or altered form elsewhere in his will. In paragraph five of his will he provided for a family allowance in such amount as might be "approved and decreed by the Court having jurisdiction of the Probate of this Will." In the seventeenth paragraph of the will he

used the same phrase that appears in the eighteenth paragraph in respect to annual accounting by the trustees. He unquestionably used the phrase advisedly. That he used it mistakenly does not give room for the inference that he intended something else, that is, "Hawaiian court having equity jurisdiction." It has been well said by this court that it is the intention of the testator as expressed in his will that controls and not that which he may have had in his mind. (*Mercer* v. *Kirkpatrick, supra.*)

We are not at liberty to indulge in suppositions, surmises or conjectures and override the plain and unambiguous language of this will; to conjure doubt where no ambiguity or obscurity exists or to infer an intention of which the language employed does not admit and then apply rules of construction to give such intention effect.

2. We are further of the opinion that the power of confirmation conferred by the eighteenth paragraph of the will being invalid the power of nomination conferred upon the surviving trustee or trustees by the same paragraph is also invalid.

The invalidity of the delegation of power of appointment renders the exercise of the power of nomination legally impossible. The surviving trustees cannot legally qualify as confirmees of the "Hawaiian court having probate jurisdiction." The trustees argue that assuming the delegation of power of confirmation is void the general and dominant intention of the testator disclosed by the eighteenth paragraph of the will is that the surviving trustees be vested with the sole and exclusive power of nominating substitute trustees to fill vacancies in the office of trustee and that this intention should prevail over the particular intention in respect to confirmation which is but subordinate and from which the general and dominant intention is separable; that where, as here, the invalid delegation of power of confirmation may be sepa-

rated from the valid power of nomination the latter may legally exist and be legally effective despite the invalidity of the former. The fallacy of this argument is that it assumes the present trustees, petitioners herein, are the persons to whom is delegated, under the eighteenth paragraph of the will, the power of nomination. A power of nomination of successor trustees must be strictly construed. (65 C. J., T. Trusts, § 351, p. 579; *Clark* v. *Wilson,* 53 Miss. 119, 122; *Adams* v. *Highland Cemetery Co.,* 192 S. W. [Mo.] 944, 947.) The logical effect of the requirement contained in the eighteenth paragraph of the will that substitute trustees nominated to fill vacancies in the office of trustee be confirmed by the "Hawaiian court having probate jurisdiction" is that all substitute trustees, in order to the conformity of their appointment with the terms of the will, must be confirmed by the "Hawaiian court having probate jurisdiction." The delegation of the power of confirmation being invalid there cannot legally exist substitute trustees who, for the validity of their appointment, depend upon confirmation by the "Hawaiian court having probate jurisdiction." The donees of the power of nomination similarly as the donee of the power of confirmation are affected by the absence of the power in the "Hawaiian court having probate jurisdiction," to confirm substitute trustees. If the basis of the official status of the surviving trustees, petitioners herein, is confirmation by the "Hawaiian court having probate jurisdiction" they obviously are not the *de jure* surviving trustees under the will and of the estate of the decedent. If, on the other hand, their official status as surviving trustees rests upon appointment by the Hawaiian court having equity jurisdiction they are not qualified within the provisions of the eighteenth paragraph of the will to make nominations, not having been confirmed in accordance with the provisions of that para-

graph by the "Hawaiian court having probate jurisdiction."

Whatever additional contentions urged by the respective parties that have not been expressly discussed herein have been considered without merit and unworthy of notice.

Both questions reserved are answered in the negative.

*A. G. M. Robertson* (*Robertson & Castle* on the briefs) for surviving trustees.

*C. S. Davis* (also on the brief) for respondents and cross petitioners Muriel C. Shingle, et al.

*J. P. Russell* (*F. E. Thompson* on the brief) for respondents Abigail W. C., Abigail H. K. K. and Lydia K. L. Kawananakoa.

*I. M. Stainback* (also on the brief) for the guardian ad litem.

*B. S. Ulrich* for Alice K. Campbell, et al.

*L. Jenks,* of the firm of *Anderson, Marx, Wrenn & Jenks,* for Beatrice Wrigley.