**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000498
21-JAN-2025
08:24 AM
Dkt. 66 SO**

NO. CAAP-21-0000498

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

THE ESTATE OF MARY N. LUCAS, Deceased

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1LP000026685)

**SUMMARY DISPOSITION ORDER**
(By: Nakasone, Presiding Judge, McCullen and Guidry, JJ.)

Appellant/Respondent/Beneficiary Carol Cassiday Orr

(**Orr**), appeals from the (1) Findings of Fact, Conclusions of

Law, and Order Granting Petition for Instructions Regarding

Certain Children (**Order**), and (2) Judgment Pursuant to Findings

of Fact, Conclusions of Law, and Order Granting Petition for

Instructions Regarding Certain Children (**Judgment**), both of

which were entered on August 9, 2021 by the Circuit Court of the

First Circuit (**Probate Court**).[1]  The Appellees/Respondents/

---

[1]     The Honorable R. Mark Browning presided.

Beneficiaries in this matter are Casey Cassiday (**Casey**) and Alanna Cassiday (**Alanna**).

## I.   BACKGROUND

The record reflects that the Last Will and Testament of Mary N. Lucas (**Will**) was executed on July 2, 1954, and later amended by First Codicil on July 23, 1956.  The Will was admitted to probate in April 1965.  In August 1969, the residue of the estate was distributed to the two daughters of Mary N. Lucas (**Lucas**): Harriet Lucas Cassiday and Mary Lucas Pflueger.

The Will created a trust (**Trust**).  This action arises from the use of the terms "lawful issue" and "surviving issue" in the Trust.  Article Fifth of the Will provides that income generated prior to the Trust's termination shall be paid to, as relevant here, the "lawful issue of any deceased children" of Lucas' daughters:

> (a) My Trustee shall pay one-half (1/2) of the net income to or use and apply the same for the benefit and account of my daughter, <u>MARY PFLUEGER</u>, and her children . . . [and] pay the other one-half (1/2) of the net income to or use and apply the same for the benefit and account of my daughter, <u>HARRIET CASSIDAY</u>, and her children . . . for and during her lifetime, and from and after her death in equal shares to her children who shall be from time to time surviving and the lawful issue of any deceased children, said issue to take per stirpes and not per capita.  If all of the children and their surviving issue of either daughter shall die before the trust termination, then from and after the death of such last survivor of such children and issue **my Trustee shall pay all of the net income in equal shares to** the surviving children and **the lawful issue of any deceased children**, said issue to take per stirpes and not per capita[.]

(Emphasis added.)

The Trust also provides that, upon termination of the Trust, the Trust estate shall be distributed to, as relevant here, the "surviving issue" of Lucas' daughters:

> (b) This trust shall cease and determine upon the death of the last survivor of the children of my daughters, HARRIET CASSIDAY and MARY PFLUEGER, who shall be living at the date of my death, and **the property then comprising the trust estate, together with the accumulated, accrued and undistributed income, shall** at that time vest in and shall **be transferred, conveyed and delivered** by my Trustee, absolutely and in fee simple, free and clear of any trusts, **to the then surviving issue of said children**, per stirpes and not per capita[.]

(Emphasis added.)

Orr and Orr's brother, Benjamin B. Cassiday III (**Trip**), are great-grandchildren of Lucas, and beneficiaries of the Trust through their grandmother, Harriet Lucas Cassiday, and their father, General Benjamin B. Cassiday, Jr. Trip is the father of Casey and Alanna. This appeal arises out of a March 2020 petition filed by acting successor co-trustees of the Trust for instructions regarding the rights and interests of Trip's children, and, specifically, whether Casey and Alanna were "issue" and "lawful issue" pursuant to the Trust. Orr responded to the petition, contending that Casey and Alanna should not be treated as "issue" or "lawful issue," as doing so would violate Lucas' intent and the Trust's terms.

The record reflects that Casey and Alanna were born in the Philippines in 2001 and 2002, respectively. Trip was not married to Casey and Alanna's mother. In May 2008, shortly

before Trip passed away in June 2008, Trip filed a Verified Petition for Paternity (**Verified Petition**), in which he acknowledged his paternity of Casey and Alanna, and requested formal recognition as their legal and natural father. A genetic test report, included in the Verified Petition, confirmed that Trip is Casey and Alanna's biological father.

Trip passed away in June 2008. The parties do not dispute that Trip's Verified Petition was never adjudicated prior to his passing, and that no formal court order was issued to judicially resolve the issue of Trip's paternity.

Trip's Last Will and Testament acknowledges Casey and Alanna as being his "two children."

The Probate Court heard the matter in February 2021, and subsequently issued its Order, in which it made the following relevant findings of fact and conclusions of law:

### FINDINGS OF FACT

. . . .

12. Article FIFTH (a) of the Will provides for the distribution of Trust income to "the *lawful issue of any deceased children".*

13. Article FIFTH (b) of the Will instrument provides for final distribution of the Trust estate to *"then surviving issue of said children".*

14. The Trust has not terminated because Paul R. Cassiday, Sr., the last surviving child of Harriet Cassiday, is living. The persons entitled to have final distribution of the Trust estate cannot be known at this time.[2]

---

2 The record reflects that Paul R. Cassiday, Sr. passed after entry of the Probate Court's Order. Pursuant to the terms of the Will, the Trust must therefore be terminated and final distributions determined.

4

15. Petitioners requested the instructions of this Court as to whether Casey and Alanna are entitled to current income distributions from the Trust, and if they survive, to share in the final distribution of the Trust.

16. By [Verified Petition] filed in the Family Court of the First Circuit, State of Hawaii, on May 16, 2008 . . . , [Trip] acknowledged that he was the father of each of Casey and Alanna and prayed, *inter alia*, that he be adjudged their legal and natural father.

17. The [Verified Petition] was signed by [Trip's] counsel and was accompanied by a verification executed and sworn by [Trip] on May 15, 2008. The matter was not adjudicated before [Trip's] death less than three weeks later.

18. **Casey and Alanna are** the children of [Trip] and therefore, through him, the **"issue," "lawful issue," and "surviving issue"** of General Cassiday, entitled by the terms of the Will to share in the net income of the Trust and, if they survive to Trust termination, to share in the final distribution of the Trust.

### CONCLUSIONS OF LAW

. . . .

10. **Casey and Alanna are** for all purposes under the Will the **"issue," "lawful issue" and "surviving issue"** of General Cassiday by his pre-deceased son [Trip].

11. As such, they are entitled to share in the net income of the Trust and, if they survive to Trust termination, in the final distribution of the Trust.

(Emphasis added.)

The Probate Court issued the Judgment, and Orr timely appealed.

### II. POINTS OF ERROR

Orr contends on appeal that,

The Probate Court erred when it found that Casey and Alanna, "for all purposes under the Will, are the 'issue', 'lawful issue' and 'surviving issue'". *See* Dkt 1253 at 5. The Probate Court failed to conduct a full and thorough legal analysis into the testator's intent and whether the retroactive application of the previous statute [Revised Laws of Hawaii (**RLH**) § 4815] should be limited.

Upon careful review of the record and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Orr's contention as follows:

We review the Probate Court's construction of the Trust de novo under the right/wrong standard. Tr. Created Under the Will of Damon, 76 Hawai'i 120, 123—24, 869 P.2d 1339, 1342—43 (1994). On this record, we conclude that the Probate Court was right in determining that Casey and Alanna are "surviving issue," but that it was wrong in summarily concluding, without sufficient findings of fact, that Casey and Alanna are "lawful issue." We therefore affirm in part and vacate in part.

With regard to the question of whether Casey and Alanna are "surviving issue" and/or "lawful issue," Hawai'i courts must look to Lucas' intent at the time she created the Trust. See In re Medeiros Testamentary Tr. & Life Ins. Tr., 105 Hawai'i 284, 291, 96 P.3d 1098, 1105 (2004). "The duty of the court is to interpret, not to construct [a will]." In re Est. of Campbell, 33 Haw. 799, 802 (Haw. Terr. 1936). When construing a will, "the intention of the testator controls and must be given effect unless it be contrary to some [positive] rule of law or against public policy." Id. at 801—02.

Courts must determine the testator's intent based on "a sound and reasonable construction of the words [that were]

6

used," and "not by speculation or conjecture as to what the testator **may** have intended." Tr. Created Under the Will of Damon, 76 Hawaiʻi at 127, 869 P.2d at 1346 (emphasis added). Courts may, however, consider extrinsic evidence with respect to the circumstances surrounding the execution of the will and the testator's conception of any ambiguous words "for the purpose of aiding the court in construing the instrument to determine [the testator's] intent." In re Tr. Est. of Dowsett, 38 Haw. 407, 409—10 (Haw. Terr. 1949).

The plain language of the Trust reflects that Lucas used "lawful issue" to specify beneficiaries of the Trust income, and "surviving issue" to specify beneficiaries of the final Trust distributions. We conclude that Lucas' use of these two separate terms, to designate two different sets of beneficiaries, was purposeful. Lucas could have, but did not, use the same term in both provisions.

"Issue," "surviving issue," and "lawful issue" are not defined in the Trust. However, the Hawaiʻi Supreme Court has long held that "[t]he term 'issue,' shorn of any and all judicial constructions and taken in its ordinary and popular sense[,] . . . is definitely a general term synonymous with children, progeny, offspring, descendants, etc." O'Brien v. Walker, 35 Haw. 104, 109 (Haw. Terr. 1939). The term "issue," has generally been understood to include both marital and

7

nonmarital children.  Id. at 115 (noting that courts have construed "issue" as "children of the blood" absent contrary surrounding circumstances").  The record contains a genetic test report, indicating a 99.99%+ probability that Trip is Casey and Alanna's biological father.  The Probate Court was therefore not wrong in finding that Casey and Alanna, who have survived Trip, were "shown to be the natural children of [Trip]," and therefore "surviving issue."

Unlike the word "issue," the phrase "lawful issue" does not appear to have a plain and unambiguous meaning.  Ambiguities exist where there is "any doubt or controversy . . . as to the meaning of the language used in a trust[.]"  In re Lock Revocable Living Tr., 109 Hawai'i 146, 153—54, 123 P.3d 1241, 1248—49 (2005) (cleaned up).  The court will only turn to rules of construction when the "intention of the testator cannot be fairly and reasonably ascertained" due to the ambiguity of the language.  In re Est. of Campbell, 33 Haw. at 802.

In determining that Casey and Alanna were "lawful issue," the Probate Court referenced the unadjudicated Verified Petition and found only that,

> 16.  By [Verified Petition] filed in the Family Court
> of the First Circuit, State of Hawaii, on May 16, 2008 . .
> . , [Trip] acknowledged that he was the father of each of
> Casey and Alanna and prayed, *inter alia*, that he be
> adjudged their legal and natural father.
>
> 17.  The [Verified Petition] was signed by [Trip's]
> counsel and was accompanied by a verification executed and
> sworn by [Trip] on May 15, 2008.  The matter was not

adjudicated before [Trip's] death less than three weeks later.

18.   Casey and Alanna are the children of [Trip] and therefore, through him, the "issue," "lawful issue," and "surviving issue" of General Cassiday, entitled by the terms of the Will to share in the net income of the Trust and, if they survive to Trust termination, to share in the final distribution of the Trust.

The Probate Court's finding that Trip "acknowledged that he was the father" of Casey and Alanna does not, without more, support the Probate Court's conclusion that Casey and Alanna were "*lawful* issue."  (Emphasis added.)  The Probate Court, for example, references Trip's unadjudicated Verified Petition, but does not make any findings or articulate its reasoning as to how the Verified Petition establishes the legal conclusion that Casey and Alanna are "lawful issue."[3]

In the absence of sufficient findings, this court cannot discern whether the Probate Court was right or wrong in concluding that Casey and Alanna are "lawful issue."  See In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 147 Hawaiʻi 456, 467, 465 P.3d 903, 914 (2020).  "[W]hen the lower court has failed to issue the requisite findings of fact to enable meaningful appellate review, it is not the function of the appellate court to conduct its own evidentiary

---

[3]   The Probate Court did not specify what extrinsic evidence, if any, it relied upon to discern Lucas' intent, and whether, notwithstanding the lack of a court order establishing paternity, the genetic evidence that Casey and Alanna are the biological children of Trip establishes that they are "lawful issue" pursuant to Hawaii Revised Statutes chapter 584 or otherwise.

analysis."  Id. at 465, 465 P.3d at 912;  see also In re Genaro Louis Perez Tr. Dated October 19, 2015, No. CAAP-19-0000464, 2024 WL 1577317, at *3 (Haw. App. Apr. 11, 2024) (SDO).

We therefore vacate the Probate Court's Order in part, and remand with instructions for the Probate Court's "identification and findings of facts in support of a conclusion as to the [testator's] intent."  In re Genaro Louis Perez, 2024 WL 1577317, at *3; see also In re Elaine Emma Short, 147 Hawaiʻi at 465—67, 465 P.3d at 912—14.

### III. CONCLUSION

For the foregoing reasons, we vacate the Probate Court's Judgment, and we affirm in part and vacate in part the Order.  We remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, January 21, 2025.

On the briefs:

Margery S. Bronster,
Sunny S. Lee,
for Respondent/Beneficiary-
Appellant.

Philip W. Miyoshi,
for Respondents/
Beneficiaries-Appellees.

/s/ Karen T. Nakasone,
Presiding Judge

/s/ Sonja M.P. McCullen,
Associate Judge

/s/ Kimberly T. Guidry,
Associate Judge