**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000487
24-MAR-2026
07:50 AM
Dkt. 51 SO**

NO. CAAP-23-0000487

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF THE
REVOCABLE TRUST OF ITSUTO OKAMOTO,
DATED OCTOBER 15, 1993

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CTR-22-0000102)

## SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Wadsworth and Guidry, JJ.)

Beneficiary/Trustee/Respondent/Petitioner-Appellant

Marshall Tetsuo Okamoto (**Marshall**)[1] appeals from the "Judgment on

Order Granting in Part and Denying in Part [Petitioner/

Respondent-Appellee Derin Okasaki's (**Derin**)] Petition to Compel

---

[1] Marshall filed this appeal as a beneficiary of the "Revocable Trust of Itsuto Okamoto" (**Trust**). Marshall takes no position with respect to this appeal in his capacity as Trustee.

Distribution of Trust Property" (**Trust Distribution Judgment**), and "Judgment on Order Denying [Marshall's] Petition for Further Instructions" (**Instructions Judgment**), both filed on July 19, 2023, by the Circuit Court of the First Circuit[2] (**probate court**).[3]

This matter arises from the "Petition to Compel Distribution of Trust Property" (**Petition to Compel**) filed by Derin in June 2022. The Petition to Compel asked the probate court to compel Marshall, as the Trustee, to distribute property[4] pursuant to the terms of a Trust executed by Itsuto Okamoto (**Itsuto**), and naming Itsuto and his wife, Kimiko Yamanaka Okamoto (**Kimiko**), as the initial trustees. Itsuto and Kimiko passed in 1994 and 2016, respectively. Upon Kimiko's passing, their children, Marshall and Carol Saeko Okasaki (**Carol**), became the successor trustees. Upon Carol's passing, in 2021, Marshall became the sole acting successor trustee.

---

[2]    The Honorable R. Mark Browning presided.

[3]    Marshall also appeals from the "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Granting in Part and Denying in Part Petition to Compel Distribution of Trust Property," "Order Granting in Part and Denying in Part Petition to Compel Distribution of Trust Property," and "[FOFs], [COLs], and Order Denying [Marshall's] Petition for Further Instructions," all filed on July 19, 2023, by the probate court.

[4]    The real property at issue is located in Honolulu, Hawaiʻi, and will be referred to herein as the **Emekona Property**.

At issue is Article VI, paragraph 3 of the Trust, which instructs that the Emekona Property should be distributed as follows:

> Disposition of Trust Property Upon Death of [Itsuto] and [Kimiko]. Upon the death of [Kimiko] after [Itsuto's] death, the trustee shall hold and distribute the Residuary Trust, as then constituted . . . .
>
> (a) Division of Trust Estate. . . . **With respect to the [Emekona Property], said property shall be distributed to [Carol], provided, however that said [Carol] shall pay to [Marshall] a sum of [$25,000] before said property shall be conveyed to [Carol]. In the event that said [Carol] is not surviving, then said interest in the above-mentioned real property shall be distributed to the issue of [Carol], in equal shares, per stirpes, pursuant to the terms of subparagraph (iv) of this paragraph.**

(Emphasis added.)

It is undisputed that Carol, in the years between Kimiko's passing and her own passing, did not pay to Marshall the sum of $25,000. The Emekona Property could not, therefore, have been conveyed to Carol prior to her passing. Derin contends that because Carol survived both Itsuto and Kimiko, "her conditional right to the [Emekona Property] was triggered," and that Carol's interest in the Emekona Property "is transmissible through Carol's [e]state." Marshall contends that because Carol did not pay Marshall $25,000, the Emekona Property fell to the Residuary Trust.

Marshall asserts three points of error on appeal, contending that the probate court erred in: (1) "granting in part the [Petition to Compel] because it misinterpreted [Itsuto's] intent and failed to apply relevant rules of law";

(2) "granting in part the [Petition to Compel] because it failed to consider whether conveyance of the Emekona Property to Carol's estate should be barred as a matter of equity"; and (3) "denying [Marshall's] Petition for Further Instructions (**Petition for Instructions**)] because preserving the status quo pending appeal was proper under the circumstances, would not have caused the parties any prejudice, and would have prevented irreparable harm to Marshall." (Formatting altered.)

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Marshall's points of error as follows:

(1) Marshall contends that the probate court misinterpreted Itsuto's intent with regard to the Trust's terms, and failed to apply relevant rules of law in interpreting Itsuto's intent. We review the probate court's construction of the Trust de novo under the right/wrong standard. Tr. Created Under the Will of Damon, 76 Hawaiʻi 120, 123-24, 869 P.2d 1339, 1342-43 (1994).

"The duty of the court is to interpret, not to construct [a trust]." In re Est. of Campbell, 33 Haw. 799, 802 (Haw. Terr. 1936). Therefore, the court must determine the settlor's intent based on "a sound and reasonable construction of the words [that were] used," and "not by speculation or

conjecture as to what the [settlor] may have intended." Tr. Created Under the Will of Damon, 76 Hawaiʻi at 127, 869 P.2d at 1346 (citation omitted).

As relevant here, Article VI, paragraph 3 of the Trust provides that the Emekona Property "shall be distributed to [Carol], provided, however that said [Carol] shall pay to [Marshall] a sum of [$25,000] before said property shall be conveyed to [Carol]."[5] Marshall contends that the Emekona Property fell to the Residuary Trust because Carol, who survived Itsuto and Kimiko, did not pay Marshall $25,000 prior to her own passing.

The Trust provisions do not impose a time limit for Carol to fulfill the condition of paying Marshall $25,000. And while the Trust expressly provides that specific property would fall to the Residuary Trust under certain circumstances, it does not provide that the Emekona Property would fall to the Residuary Trust if Carol, upon surviving Itsuto and Kimiko, failed to pay Marshall $25,000 prior to her death.[6]

---

[5] Article VI, paragraph 3 alternatively provided that the Emekona Property would be conveyed to "the issue of [Carol]," in the event that Carol did not survive both Itsuto and Kimiko. Because Carol survived Itsuto and Kimiko, that provision was not invoked.

[6] We note that if the Emekona Property fell to the Residuary Trust, neither Carol nor her issue would have claim to any part of the Emekona Property. The Trust provided that the Residuary Trust was to be conveyed to Marshall, and not to Carol or her issue.

We therefore conclude that, consistent with Itsuto's intent, Carol's contingent interest in the Emekona Property passed to her estate. "The rule is well settled that a contingent remainder of inheritance is transmissible to the heirs of the person to whom it is limited, if such person dies before the contingency happens, unless the remainder is so limited as to depend on the life of the remainderman." Crescent City Motors, Ltd. v. Nalaielua, 31 Haw. 418, 425-26 (Haw. Terr. 1930) (citation omitted); see Alexander v. UMB Bank, NA, 497 S.W.3d 323, 328 (Mo. Ct. App. 2016) (explaining that modern rules of property suggest that a remainder interest conditioned on survival is descendible through an estate so long as the beneficiary survives until the preceding interests are terminated).

(2) Marshall contends that the probate court erred in "fail[ing] to consider" his equitable defenses of laches, unclean hands, and equitable estoppel. We review the probate court's application of equitable doctrines under the abuse of discretion standard. 7's Enters., Inc. v. Del Rosario, 111 Hawai'i 484, 489, 143 P.3d 23, 28 (2006).

The probate court did not make any specific FOFs or COLs as to Marshall's equitable defenses. And the record does not reflect why the probate court did not provide any explanation for the lack thereof. We are therefore unable to

6

determine whether the probate court appropriately considered Marshall's equitable defenses.  See HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 43, 464 P.3d 821, 831 (2020) (explaining that "based on the circuit court's lack of findings as to the laches defense, [the appellate court is] unable to determine on review whether the circuit court appropriately considered this defense" (cleaned up)).

We vacate the Trust Distribution Judgment, and remand with instructions that the probate court consider and address Marshall's equitable defenses.

(3) Marshall contends that the probate court erred in denying his Petition for Instructions, which sought to "preserve the status quo" during the pendency of Marshall's appeal.[7]  We review the probate court's refusal to exercise its inherent power for abuse of discretion.  Richardson v. Sport Shinko (Waikiki Corp.), 76 Hawaiʻi 494, 508, 880 P.2d 169, 183 (1994).

Marshall represented that he did not, or could not, seek a stay or injunctive relief because the probate rules do not permit the filing of a motion for stay.  See Hawaiʻi Probate

---

[7]     Marshall filed his Petition for Instructions on December 5, 2022, following the probate court's entry of the October 14, 2022 "Order Granting in Part and Continuing in Part Petition to Compel Distribution of Trust Property."  The parties entered into a "Stipulation and Order to Preserve Status Quo Pending Resolution of Petition for Further Instructions," in which Marshall represented that he intended to appeal the October 14, 2022 order, and the parties "agreed that the Emekona Property should not be distributed, sold, or otherwise transferred out of Carol's Estate while the [Petition for Instructions] remain[ed] pending."  The probate court entered its "Order Denying [Marshall's] [Petition for Instructions]" on March 8, 2023.

Rules Rule 3 (allowing pleadings in the form of "a petition and a response or objection," and providing that "[n]o other pleading shall be allowed"). Nevertheless, it appears that, by asking the probate court to "preserve the status quo," Marshall was effectively requesting that the probate court grant some form of stay or injunctive relief through the exercise of its equitable powers. It also appears that the probate court generally understood Marshall's request as such, but, in the absence of a formal "request for a stay, injunctive relief, or reconsideration," summarily "decline[d] to find that the standard to preserve the status quo is a distinct relief and legal standard from that of a stay or injunction."

We conclude that the probate court erred by narrowly construing and rejecting Marshall's request in this manner, and by not addressing the request on its merits, where Marshall was effectively requesting a stay. See In re Helen-Edythe Richardson Revocable Living Tr. Dated September 14, 1987, No. CAAP-23-0000028, 2025 WL 2902421, at *4 (Haw. App. Oct. 13, 2025) (SDO) (vacating the probate court's denial of the appellants' request for a stay, and remanding the matter to be considered through further proceedings). We therefore vacate the Instructions Judgment and instruct the probate court to consider on remand whether a stay or injunctive relief is appropriate under the circumstances of this case.

For the foregoing reasons, we affirm in part and vacate in part the Trust Distribution Judgment, and we vacate the Instructions Judgment.  We remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, March 24, 2026.

On the briefs:

Andrew J. Lautenbach,
for Beneficiary/Trustee/
Respondent/Petitioner-
Appellant.

Ronald T. Ogomori,
for Petitioner/Respondent-
Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge